946 F.2d 127
 292 U.S.App.D.C. 37
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Benjamine RODRIGUEZ, Appellant.
 No. 90-3174.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 10, 1991.
 
 Before RUTH BADER GINSBURG, STEPHEN F. WILLIAMS and RANDOLPH, Circuit Judges.
 JUDGMENT
 Per Curiam.
 
 
 1
 This appeal from a judgment of conviction was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review of the issue presented, the court is satisfied that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir.Rule 14(c). It is accordingly
 
 
 2
 ORDERED AND ADJUDGED, for the reasons stated in the accompanying memorandum, that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 The police officers who encountered defendant-appellant Benjamine Rodriguez testified that he voluntarily answered their questions and consented to the search of his backpack. They specifically asserted that their tone was conversational and their conduct, casual, that they displayed no weapons, that Rodriguez appeared to comprehend their questions and did not appear to be under the influence of drugs or alcohol, that Rodriguez was cooperative, never refusing to answer questions or asking to leave. The pattern thus described has been presented repeatedly in this circuit. See, e.g., United States v. Winston, 892 F.2d 112 (D.C.Cir.1989).
 
 
 5
 We note, in addition, the absence of any indication that Rodriguez's age at the time of the encounter (20) or educational level (tenth-grade) made him unusually vulnerable or unable to understand the officers' questions. See Schneckloth v. Bustamonte, 412 U.S. 218, 226-27 (1973). Indeed, Rodriguez affirmed that he responded to the police knowing "he didn't have to talk to anybody." February 26, 1990 Suppression Hearing Transcript at 150, 151. He also acknowledged that he knew he had the right to refuse to have his backpack searched. Id. at 159. Rodriguez points to the presence of a fence, telephone booths, and parked cars at the location where he was questioned. These constraints, however, did not "arise from conduct of the police." See United States v. Joseph, 892 F.2d 118, 121 (D.C.Cir.1989).
 
 
 6
 We are mindful that neither prosecutor nor defense counsel asked the district court, as Federal Rule of Criminal Procedure 12(e) instructs, to "state its essential findings on the record." Such findings would have facilitated our review. Under controlling precedent, however, in the absence of any request for specific findings, or objection to the failure to state such findings, the district court's ruling must be upheld if any reasonable view of the evidence would support it. See United States v. Caballero, 936 F.2d 1292, 1296 (D.C.Cir.1991). In sum, based on the totality of the circumstances presented to the district court, we are satisfied that sufficient evidence supported the government's argument in opposition to the motion to suppress, and that no reversible error was committed by the district court in denying the motion. See id. at 1295-98.